IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Richard Clark and Shawn Martin, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Judy P. Rowland, in his representative )<br>capacity for the Edgefield County )<br>Sheriff's Office; and Michael E. Hunt, )<br>in his representative capacity for the )<br>Aiken County Sheriff's Office; Dexter )<br>Bowman; Sam Sherill; Michael )<br>Williams; Willie Butler; Thomas Osteen; )<br>Brandon Morin; Tony Wilson; Robert )<br>Bowman; Stephen Glass; Tyler )<br>Roberts; Andrew Dailey; Nicholas Lott; )<br>Mike Goodwin; Row Crop, LLC; Rock )<br>Solid Security; and Freeman )<br>Enterprises, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 8:19-cv-1846-BHH<br><br>**<u>ORDER</u>** |

Plaintiffs Richard Clark ("Clark") and Shawn Martin ("Martin") (collectively "Plaintiffs") filed this action pursuant to 42 U.S.C. § 1983, and currently pending before the Court are various motions for summary judgment filed by Defendants. (*See* ECF Nos. 94, 95, 96, 97, and 103.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matters were referred to a United States Magistrate Judge for preliminary determinations. On May 31, 2022, Magistrate Judge Kevin F. McDonald issued a 49-page report and recommendation ("Report") outlining the issues and recommending that the Court grant certain portions of the motions and deny others. (*See* ECF No. 123.)

On June 14, 2022, objections to the Report were filed by Plaintiffs (ECF No. 124), Defendant Michael E. Hunt ("Sheriff Hunt"), in his representative capacity for the Aiken County Sheriff's Office ("ACSO") (ECF No. 126), and Defendants Row Crop, LLC ("Row Crop") and Freeman Enterprises ("Freeman") (ECF No. 127). For the reasons set forth herein, the Court overrules the objections and adopts in full the Magistrate Judge's Report.

## STANDARDS OF REVIEW

### I.   The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II.   Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

As an initial matter, the Magistrate Judge's Report sets forth the relevant factual background and procedural history in great detail, and no party has specifically objected to this portion of the Report. Accordingly, the Court incorporates this portion of the Report and repeats only what is necessary to evaluate the parties' objections. (*See* ECF No. 123 at 1-16.)

As the Magistrate Judge explained, Plaintiffs initially filed this action in state court on May 9, 2019, alleging various state and federal claims arising out of an incident that occurred at a Luke Bryan concert Plaintiffs attended in Edgefield County, South Carolina, on October 5, 2018. The case was removed to this Court on June 28, 2019, following which Plaintiffs filed a first amended complaint on March 31, 2021, and a second amended complaint on September 3, 2021. (ECF Nos. 34 and 75.)

In the second amended complaint, Plaintiffs allege the following claims: (1) battery against ACSO, Edgefield County Sheriff's Office ("ECSO"), Row Crop, Rock Solid Security ("Rock Solid"), and Freeman pursuant to the South Carolina common law and South

Carolina Tort Claims Act; (2) false imprisonment against ACSO, ECSO, Row Crop, Rock Solid, and Freeman pursuant to South Carolina common law and the South Carolina Tort Claims Act; (3) assault against ACSO, ECSO, Extra Duty Solutions,[1] Row Crop, and Freeman pursuant to South Carolina common law and the South Carolina Tort Claims Act; (4) gross negligence against ACSO and ECSO pursuant to the South Carolina Tort Claims Act and negligence against Row Crop, Rock Solid, and Freeman; (5) Fourth Amendment § 1983 claim for the illegal seizure of Plaintiffs against Dexter Bowman, Sam Sherill, Michael Williams, Willie Butler, Thomas Osteen, Brandon Morin, Tony Wilson, Robert Bowman, Stephen Glass, Tyler Roberts, Andrew Dailey, Nicholas Lott, and Mike Goodwin; (6) Fourth Amendment § 1983 claim for the use of excessive force against Dexter Bowman, Sam Sherill, Michael Williams, Willie Butler, Thomas Osteen, Brandon Morin, Tony Wilson, Robert Bowman, Stephen Glass, Tyler Roberts, Andrew Dailey, Nicholas Lott, and Mike Goodwin; and (7) Fourth Amendment § 1983 claim on a theory of bystander liability for the failure to protect Plaintiffs from the use of excessive force against Dexter Bowman, Sam Sherill, Michael Williams, Willie Butler, Thomas Osteen, Brandon Morin, Tony Wilson, Robert Bowman, Stephen Glass, Tyler Roberts, Andrew Dailey, Nicholas Lott, and Mike Goodwin.  (ECF No. 75.)

On March 4, 2022, Defendant Jody P. Rowland ("Sheriff Rowland"), in his representative capacity as the Sheriff of the ECSO, filed a motion for summary judgment (ECF No. 94).  The same day, motions for summary judgment were filed by Defendants

---

[1] Although the heading of Plaintiffs' third cause of action includes Extra Duty Solutions ("Extra Duty"), Extra Duty was not included in the caption of the second amended complaint and was previously dismissed from this action with prejudice on August 31, 2021.  (ECF No. 71.)

4

Dexter Bowman ("Bowman") (ECF No. 95) and Sam Sherill ("Sherill") (ECF No. 96) of the ECSO (collectively, "the ECSO Defendants").  Also, ACSO deputies Michael Williams, Willie Butler, Thomas Osteen, Brandon Morin, Robert Bowman, Stephen Glass, Tyler Roberts, Andrew Dailey, Nicholas Lott, and Mike Goodwin, along with Sheriff Hunt (collectively, "the ACSO Defendants") filed a motion for summary judgment the same day. (ECF No. 97.)  Lastly, Defendants Row Crop and Freeman filed a motion for summary judgment on March 14, 2022.  (ECF No. 103.)

In his Report, the Magistrate Judge thoroughly outlined the applicable law and evaluated each of the pending motions for summary judgment, as explained in greater detail below.

I. **ECSO Defendants**

A. **Deputy Dexter Bowman**

First, the Magistrate Judge considered the motion for summary judgment filed by Bowman and determined that there is no evidence in the record to show that Bowman violated Plaintiff Clark's constitutional rights by subjecting Clark to an unreasonable seizure, by using unreasonable and excessive force against Clark, or by choosing not to prevent harm by a fellow officer who was violating Clark's constitutional rights.  Accordingly, the Magistrate Judge recommended that the Court grant Bowman's motion for summary judgment as to Plaintiff Clark's claims in the fifth, sixth, and seventh causes of action. (ECF No. At 20.)

With respect to Plaintiff Martin's claims against Bowman, however, the Magistrate Judge found genuine issues of material fact as to Bowman's involvement in the incident that led to Martin's injuries, pointing specifically to the testimony of Amanda Clark and

5

Martin. Accordingly, the Magistrate Judge recommended denying Bowman's motion as to Plaintiff Martin's fifth, sixth, and seventh causes of action and denying Bowman's motion on qualified immunity grounds. (*Id.* at 21-24.)

No party filed objections to the Magistrate Judge's findings and recommendations as to Bowman's motion for summary judgment. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. Accordingly, the Court grants Bowman's motion for summary judgment (ECF No. 95) as to Plaintiff Clark's claims but denies the motion as to Plaintiff Martin's claims.

**B.     Deputy Sam Sherill**

Next, the Magistrate Judge evaluated Defendant Sherill's motion for summary judgment, noting that Plaintiffs fail to identify any disputed issues of fact regarding Plaintiff Clark's claims against Sherill. Thus, the Magistrate Judge recommended that the Court grant Sherill's motion for summary judgment as to Plaintiff Clark's claims in the fifth, sixth, and seventh causes of action.

With regard to Plaintiff Martin's claims against Sherill, however, the Magistrate Judge found disputed questions of fact as to Sherill's involvement in the incident that led to Martin's injuries, and the Magistrate Judge recommended that the Court deny Sherill's motion for summary judgment as to Plaintiff Martin's fifth and sixth causes of action. Next, the Magistrate Judge found that Plaintiff Martin abandoned his claim for bystander liability (seventh cause of action) as to Defendant Sherill. Accordingly, the Magistrate Judge recommended that the Court grant Sherill's motion for summary judgment as to the bystander liability claim but deny the motion as to Plaintiff Martin's other claims against him and deny the motion on qualified immunity grounds.

No party filed objections to the Magistrate Judge's findings and recommendations as to Sherill's motion for summary judgment. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. Accordingly, the Court grants Sherill's motion for summary judgment (ECF No. 96) as to Plaintiff Clark's claims but denies the motion as to Plaintiff Martin's fifth and sixth causes of action.

**C.    Sheriff Rowland in his representative capacity for the ECSO**

The Magistrate Judge next evaluated Sheriff Rowland's motion for summary judgment as to Plaintiff's state law claims against the ECSO (first, second, third, and fourth causes of action for battery, false imprisonment, assault, and gross negligence, respectively) and found as follows: (1) Plaintiffs are withdrawing their gross negligence claim asserted against ECSO in the fourth cause of action; (2) Plaintiff Clark failed to present evidence that Bowman or Sherill, or any other deputy employed by the ECSO, assaulted, battered, or falsely imprisoned Plaintiff Clark; (3) genuine issues of material fact exist as to Plaintiff Martin's claims against ECSO for assault, battery, and false imprisonment; and (4) Sheriff Rowland has not demonstrated entitlement to immunity pursuant to South Carolina Code Annotated § 15-78-60, which provides certain exceptions to the waiver of immunity provided in the South Carolina Tort Claims Act. Accordingly, the Magistrate Judge recommended that the Court grant Sheriff Rowland's motion for summary judgment as to all of Plaintiff Clark's state law claims and Plaintiff Martin's gross negligence claim but deny the motion as to Martin's remaining state law claims.

No party filed objections to the Magistrate Judge's findings and recommendations as to Sheriff Rowland's motion for summary judgment. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. Accordingly, the

Court grants the motion for summary judgment filed by Rowland in his representative capacity for the ECSO (ECF No. 94) as to Plaintiff Clark's state law claims and Plaintiff Martin's gross negligence claim but denies the motion as to Plaintiff Martin's remaining state law claims.

## II.     ACSO Defendants

### A.     Individual ASCO Deputies

With respect to the individual ASCO deputies' motion for summary judgment as to Plaintiffs' fifth, sixth, and seventh causes of action for unreasonable seizure, excessive force, and bystander liability, respectively, the Magistrate Judge agreed with the ASCO deputies that Plaintiffs fail to identify any ASCO deputies who were personally involved in the seizure of use of excessive force on Plaintiffs.  The Magistrate Judge also rejected Plaintiffs' request for an adverse inference against the individual ASCO deputies based on the alleged spoilation of body camera footage, finding that Plaintiffs failed to demonstrate that they can seek spoilation damages against these particular defendants, who were not added to the lawsuit until 2021, and that Plaintiffs' request was untimely and not supported by any evidence.  Accordingly, the Magistrate Judge recommended that the Court grant summary judgment in favor of the individual Defendant ACSO deputies on Plaintiffs' § 1983 claims against them.

No party filed objections to the Magistrate Judge's recommendation that the Court grant summary judgment in favor of the individual Defendant ASCO deputies on Plaintiffs' § 1983 claims against them.  After review, the Court finds no clear error and agrees with the Magistrate Judge that summary judgment should be granted to the individual ASCO deputies on Plaintiffs' fifth, sixth, and seventh causes of action.

### B.     Deputy Tony Wilson

As to Deputy Defendant Tony Wilson ("Wilson"), the Magistrate Judge explained that Plaintiffs never filed proof of service of the second amended complaint on this Defendant, and he has not appeared in this action. The Magistrate Judge recommended that the Court grant summary judgment in favor of Wilson for the same reasons he recommended granting summary judgment in favor of the other individual Defendant ASCO deputies (discussed above). In the alternative, the Magistrate Judge recommended that the Court dismiss Wilson from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure based on Plaintiffs' failure to timely serve him.

No party filed objections pertaining to Defendant Wilson, and the Court finds no clear error in the Magistrate Judge's findings. Thus, the Court finds that Wilson is both subject to dismissal from this action pursuant to Rule 4(m) and entitled to summary judgment for the same reasons set forth above pertaining to the other individual Defendant ACSO deputies. *See Uzzell v. Murray*, No. 5:17-cv-204-FDW, 2019 WL 4463332, at *5 n.5 (W.D.N.C. Sept. 17, 2019) (explaining that when one defendant is granted summary judgment the district court may sua sponte grant summary judgment in favor of a non-moving defendant if the grounds barring the claim against the moving defendant apply equally to the non-moving defendant).

### C.     Sheriff Hunt in his representative capacity for the ACSO

The Magistrate Judge next evaluated Sheriff Hunt's arguments in support of summary judgment (in his representative capacity for the ACSO) as to Plaintiff's state law claims against the ACSO (first, second, third, and fourth causes of action for battery, false imprisonment, assault, and gross negligence, respectively). First, the Magistrate Judge

9

explained that Plaintiffs are withdrawing their gross negligence claim in the fourth cause of action against Sheriff Hunt in his representative capacity for the ACSO. Next, the Magistrate Judge considered Sheriff Hunt's argument that the ACSO is absolutely immune from liability under South Carolina Code Ann. § 23-24-30 because the ACSO deputies were performing off-duty work. The Magistrate Judge ultimately rejected Sheriff Hunt's argument and determined that it would not be appropriate in view of the evidence before the Court to find as a matter of law that Sheriff Hunt in his representative capacity for the ACSO is entitled to absolute immunity. Lastly, the Magistrate Judge considered Sheriff Hunt's argument that Plaintiff Clark failed to present evidence to show that any tortious conduct inflicted on him was at the hands of ACSO deputies, but the Magistrate Judge disagreed with Sheriff Hunt and found that Plaintiff Clark has presented evidence from which a reasonable fact finder could determine that the alleged tortious conduct was committed by a deputy employed by the ACSO. Based on the foregoing, the Magistrate Judge recommended that the Court grant summary judgment to Sheriff Hunt in his representative capacity for the ACSO as to Plaintiffs' gross negligence claim but deny summary judgment as to Plaintiffs' remaining state law claims.

Sheriff Hunt filed objections to the Magistrate Judge's Report, asserting that the Magistrate Judge erred in recommending that the Court deny summary judgment on Plaintiffs' state law claims for assault, battery, and false imprisonment. Specifically, Sheriff Hunt argues that the Magistrate Judge failed to consider the issue of absolute immunity under S.C. Code § 15-78-60(17) of the Tort Claims Act, which provides that governmental entities are not liable for "employee conduct" outside the scope of his official duties." S.C. Code Ann. § 15-78-60(17). In support of his argument, he points to § 23-24-30 of the

South Carolina Code, which provides that "[o]ff-duty work performed by law enforcement officers shall not be considered as work done within the scope of his employment." According to Sheriff Hunt, under South Carolina law the extra-duty conduct of the law enforcement officers is not considered within the scope of their employment and therefore is not within the scope of their official duties. After review, the Court is not persuaded by Sheriff Hunt's objection and finds that it would be premature to find as a matter of law that Sheriff Hunt is entitled to absolute immunity under S.C. Code Ann. § 15-78-60(17) in light of the disputes in the record as to the nature of the work performed by the ACSO deputies at the time of the incident.

Sheriff Hunt next objects that he is entitled to absolute immunity under the "moonlighting statute," S.C. Code Ann. § 23-24-30. Specifically, Sheriff Hunt argues that there is no evidence that he was requested to provide public law enforcement assistance by the Edgefield County sheriff, and he contends that this was a private law enforcement job entitling him to governmental immunity.

Here again, the Court is not convinced by Sheriff Hunt's objection and agrees with the Magistrate Judge's analysis as to § 23-24-30 of the South Carolina Code. Stated plainly, in view of the evidence of record, the Court cannot conclude as a matter of law at this time that Sheriff Hunt is entitled to absolute immunity for the conduct of the ACSO deputies during their employment at the concert where the incident occurred.

Lastly, Sheriff Hunt objects to the Magistrate Judge's focus on the lack of a statutory definition of "off-duty work" and "off-duty private work." According to Sheriff Hunt, the "off-duty work" envisioned by the statute is precisely the type of "extra-duty" work performed by ACSO deputies at the concert. The Court finds this objection unavailing and ultimately

11

agrees with the Magistrate Judge that, based on the current evidence of record, Sheriff Hunt in his representative capacity for the ACSO is not entitled to summary judgment on Plaintiffs' state law claims for assault, battery, or false imprisonment at this time.

### III.    Security Defendants

Lastly, the Magistrate Judge evaluated Plaintiffs' first, second, and third state law causes of action against Row Crop, Freeman, and Rock Solid (collectively, "the security Defendants."  First, with respect to Rock Solid, the Magistrate Judge noted that it has not appeared in this action, and Plaintiffs have not filed proof of service of the summons and second amended complaint on Rock Solid.  Likewise, the Magistrate Judge noted that there is no indication that Rock Solid was served with Sheriff Hunt's cross-claim, which was field on September 21, 2021.  (ECF No. 78.)  Accordingly, the Magistrate Judge recommended that the Court dismiss Rock Solid as a Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

No party filed objections to this recommendation, and the Court finds no clear error. Accordingly, the Court dismisses Rock Solid pursuant to Rule 4(m).

Next, as to the motion for summary judgment filed by Row Crop and Freeman, the Magistrate Judge agreed with Plaintiffs that "providing security and crowd control during a concert in a private venue constitutes a non-delegable duty under the public policy of South Carolina such that the concert promoter, who is required by tort law to provide a safe and secure premises for the concert goers, cannot just 'walk away unscathed when things go wrong.'" (ECF No. 123 at 41 (quoting ECF No. 109 at 6).)  Thus, the Magistrate Judge recommended that the Court find that Defendants Row Crop and Freeman had a non-delegable duty to provide for the safety and security of the attendees at the concert and

that the Court deny these Defendants' motion for summary judgment on Plaintiffs' vicarious liability claims (first, second, and third causes of action).

Next, the Magistrate Judge considered Plaintiff's fourth cause of action against the security Defendants for negligence and found questions of fact as to whether Row Crop and Freeman breached their duties to Plaintiffs by failing to train personnel, failing to properly staff the concert, and/or failing to properly patrol the concert, thereby proximately causing Plaintiffs' damages. Accordingly, the Magistrate Judge recommended that the Court deny summary judgment on the negligence claim alleged against Row Crop and Freeman.

Finally, the Magistrate Judge considered Sheriff Hunt's crossclaim in his representative capacity for the ACSO against Row Crop and Freeman for equitable indemnity. Ultimately, the Magistrate Judge found that Row Crop and Freeman were not entitled to summary judgment on the crossclaim at this time because issues of fact remain as to the fault of the various Defendants in causing Plaintiffs' damages.

Defendants Row Crop and Freeman filed objections to the Magistrate Judge's Report, asserting that the Magistrate Judge erred in recommending that the Court find that providing security and crowd control during a concert constitutes a non-delegable duty. According to Row Crop and Freeman, the cases relied upon by the Magistrate Judge are distinguishable from the facts of this case.

After review, the Court is not persuaded by Row Crop and Freeman, and the Court finds no merit to their objections, which merely rehash the arguments raised to and rejected by the Magistrate Judge. In short, the Court finds no factual or legal error in the Magistrate Judge's analysis, and the Court fully agrees with the Magistrate Judge that Row Crop and

Freeman had a non-delegable duty to provide for the safety and security of the attendees of the concert. Furthermore, the Court agrees with the Magistrate Judge taht issues of fact remain as to the alleged tortious conduct of the ACSO and ECSO deputies such that summary judgment is not appropriate on Plaintiffs' vicarious liability claims against Row Crop and Freeman.

Row Crop and Freeman also object to the Magistrate Judge's recommendation that the Court deny summary judgment on the equitable indemnity crossclaim filed by Sheriff Hunt in his representative capacity for the ACSO. Here again, the security Defendants simply rehash their arguments and assert that they had no special relationship with ACSO and no fault for the damages, but the Court agrees with the Magistrate Judge that it would be premature to grant summary judgment at this time in favor of the security defendants on the equitable indemnity crossclaim. Therefore, the Court overrules the security Defendants' objections. (ECF No. 127.)

Finally, the Court notes that Plaintiffs also filed "objections" to the Report (ECF No. 124); however, Plaintiffs assert in their filing that they do *not* have any objections to the Report. Instead, Plaintiffs wish to clarify a point raised by the Magistrate Judge in footnote 5 of his Report. Ultimately, Plaintiffs' clarification does not alter the Magistrate Judge's analysis.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that:

(1) Defendant Bowman's motion for summary judgment (ECF No. 95) is **granted** as to Plaintiff Clark's claims against Bowman but **denied** as to Plaintiff Martin's claims against

Bowman;

(2) Defendant Sherill's motion for summary judgment (ECF No. 96) is **granted** as to Plaintiff Clark's claims against Sherill but **denied** as to Plaintiff Martin's remaining claims against Sherill;

(3) the motion for summary judgment filed by Rowland in his representative capacity for the ECSO (ECF No. 94) is **granted** as to Plaintiff Clark's state law claims and Plaintiff Martin's gross negligence claim but **denied** as to Plaintiff Martin's remaining state law claims;

(4) the ACSO Defendants' motion for summary judgment (ECF No. 97) is: (a) **granted** as to the claims in Plaintiffs' fifth, sixth, and seventh causes of action against the individual ACSO deputies; (b) **granted** as to Defendant Wilson, who also is entitled to dismissal pursuant to Rule 4(m); and (c) **granted** as to Plaintiffs' gross negligence claim against Sheriff Hunt in his representative capacity for the ACSO but **denied** as to Plaintiffs' remaining state law claims;

(5) the motion for summary judgment filed by Defendants Row Crop and Freeman (ECF No. 103) is **denied**; and

(6) Defendant Rock Solid is **dismissed** from this action pursuant to Rule 4(m).

Finally, pursuant to Local Civil Rule 3.01(c), D.S.C., the Court sua sponte transfers this case to the Charleston Division for trial. The Court will consult with counsel for the parties to determine the approximate length of time needed for the trial, and jury selection and trial will be held in Charleston at the earliest opportunity.

**IT IS SO ORDERED.**

                                                      /s/Bruce H. Hendricks  
                                                      United States District Court

September 12, 2022  
Charleston, South Carolina